UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE ADMINISTRATIVE OFFICE OF THE U.S. COURTS,** *et al.*,<br><br>**Defendants.** | Civil Action No. 25-701 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe challenges the theory of judicial immunity in this suit against the Administrative Office of U.S. Courts and multiple judges and clerks of court. See ECF No. 1 (Compl.) at 1. She alleges that this shield of immunity has improperly barred her from pursuing her claims of constitutional violations, intentional infliction of emotional distress, gross negligence, and obstruction of justice. Id. at 4. Given the highly personal matters underlying her original action in the court system, Plaintiff moves to proceed pseudonymously. See ECF No. 10 (Renewed Mot.) at 1. As Doe has made the necessary showing to proceed under a pseudonym, the Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

1

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

The Court is persuaded that under the five-factor test, Plaintiff has met her burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

As the first factor requires, and the Complaint asserts, Doe wishes to proceed under a pseudonym in order to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Plaintiff is "a

disabled veteran struggling with PTSD" and is a "survivor of rape." Renewed Mot. at 1. Here, the "plaintiff's privacy interests go beyond avoiding embarrassment and criticism" and instead are recognized as "sensitive and highly personal" details that weigh in favor of pseudonymity. See Doe v. Cabrera, 307 F.R.D. 1, 6–7 (D.D.C. 2014) (allowing plaintiffs to proceed under pseudonym in cases dealing with sexual assault).

The second factor further tips the scale toward pseudonymity. Plaintiff alleges that "identification poses a risk of retaliatory physical [and] mental harm." In re Sealed Case, 971 F.3d at 326 (quotation marks omitted). She first asserts that she fears retaliation from the parties identified in her Complaint. See Renewed Mot. at 2. Without offering any evidence, this specific allegation does not move the needle. See Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023) (finding credible threat of retaliation exists at early stage of litigation where publicly documented acts of retaliation taken against similarly situated individuals). The Court, however, finds Plaintiff's second claim of retaliatory mental harm to be persuasive. Doe asserts that exposure of her identity would result in "[s]evere mental and emotional distress" and "exacerbate her PTSD [and] trigger trauma-related symptoms." Renewed Mot. at 2. "Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed." Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (cleaned up).

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quotation marks omitted) — does not support Doe. "Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." Doe, 307 F.R.D. at 8. As Plaintiff is not a minor, this factor offers no assistance. Plaintiff suggests that because her children's privacy interests are at

stake, she should be allowed to proceed pseudonymously. See Renewed Mot. at 2. The Court is unconvinced that simply being a parent tips the third factor in Doe's direction. See J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (holding that third factor leans in favor of pseudonymity for parents when suing to vindicate their child's rights and shared privacy interest is implicated).

The fourth factor marginally tips the scale further in favor of pseudonymity. Plaintiff has brought suit against the court system and various officers of the court. See Compl. at 1. Although some individuals are named, this is in essence an action against the Government. Anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W., 318 F.R.D. at 201 (quotation marks omitted); see Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66–67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). Nor does any "heightened public interest" in disclosure exist here, as it does "when an individual or entity files a suit against the government" seeking to "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329. This appears to be the type of individualized relief that allows for pseudonymity.

The fifth and final factor favors Defendants. Typically, this factor is "not implicated" in instances where the defendant knows the plaintiff's identity, see In re Sealed Case, 971 F.3d at 326 n.1, but it is unclear whether these Defendants actually are aware of Plaintiff's identity from her past brushes with the court. Plaintiff makes it clear that she is not interested in disclosing it

4

to them. See Renewed Mot. at 3. It would "risk unfairness" to force Defendants to litigate this case blind. In re Sealed Case, 971 F.3d at 326 n.1 (quotation marks omitted).

Although, the balance of factors favors permitting Plaintiff to proceed under a pseudonym at this stage in the litigation, she must reveal her identity to Defendants so that they can litigate the case. See Doe v. Federal Republic of Germany, 680 F. Supp. 3d at 7–8.

The Court accordingly ORDERS that:

1. Plaintiff's [10] renewed Motion to Proceed Under Pseudonym is GRANTED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. Plaintiff's [9] renewed Motion to Seal is DENIED, as it is mooted by the granting of the Motion to Proceed Under Pseudonym; and

4. Plaintiff shall file a Notice under seal filed by April 7, 2025, containing her true name and address and serve it on Defendants.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 31, 2025