UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>        *Plaintiff*,<br><br>   v.<br><br>THE ADMINISTRATIVE OFFICE OF THE U.S. COURTS, *et al.*,<br><br>        *Defendants*. | Civil Action No. 25-701 (SLS)<br><br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Jane Doe is a pro se plaintiff who filed what the Court construes as a Complaint on March 10, 2025. *See* Compl., ECF No. 1. On the same day, she filed a Motion for Leave to Proceed in forma pauperis. *See* Pl.'s Mot. Leave, ECF No. 2. She has since filed several other motions, including a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order (TRO), ECF No. 5; a Motion for Injunction and a Motion to Expedite Ruling, ECF No. 6; an Emergency Motion for Summary Judgment, ECF No. 7; a Motion to Transfer, ECF No. 8; an Emergency Motion for TRO, ECF No. 12; an Emergency Motion for Protective Order, an Emergency Motion to Seal Documents, a Motion to Transfer, a Motion for Judicial Intervention, a Motion for Immediate Relief, and a Motion for Sanctions, ECF No. 13; and an Emergency Motion for TRO, a Motion to Transfer, an Emergency Motion for Protective Order, a Motion to Expedite, a Motion to Disqualify a Judge, and a Motion for Sanctions, ECF No. 14. The Court grants the Motion for Leave to Proceed in forma pauperis, ECF No. 2. But for the following reasons, the Court dismisses the Complaint and denies the remaining motions as moot.

## BACKGROUND

Ms. Doe sues various officers and employees of the Administrative Office of the United States Courts, the Judicial Conference of the United States, and the United States District Court for the Eastern District of Virginia, all in their official capacities. *See* Compl. at 1. She also sues the Administrative Office of the United States Courts and the Judicial Conference of the United States. *See id.*[1] Ms. Doe provides almost no factual background in her four-page Complaint. She says that the Defendants "deliberately and knowingly inflicted harm" on her by "violating her constitutional rights, obstructing her access to the courts, and causing severe emotional and psychological distress through intentional misconduct." *Id.* at 2. And she claims that they: (1) "[p]ublicly expos[ed] [her] sensitive trauma and medical history, violating her right to privacy"; (2) "[o]bstruct[ed] [her] access to the judicial system, leading to irreparable harm"; (3) "retaliat[ed]" against [her] through procedural misconduct and clerk abuse"; and (4) "engag[ed] in conduct that constitutes gross negligence, intentional infliction of emotional distress, and violations of international human rights protections." *Id.* She never clarifies who exposed what trauma and medical history, or how it happened. She also claims that the Defendants "engaged in . . . intentional torts," including the intentional infliction of emotional distress by exposing "private medical records"; gross negligence by "failing to follow basic judicial procedures"; and obstruction of justice by denying "access to a fair tribunal." *Id.* at 3.

---

[1] The Defendants are the Administrative Office of the U.S. Courts; the Honorable Roslynn R. Mauskopf, in her official capacity as the Director of the Administrative Office of the U.S. Courts; the Judicial Conference of the United States; the Honorable Vanita Gupta, in her official capacity as the Chair of the Judicial Conference Committee on Rules of Practice and Procedure; the Honorable Ivan D. Davis, in his capacity as a United States Magistrate Judge; the Honorable Patricia Tolliver Giles, in her official capacity as a United States District Court Judge; Judith Lanham, in her official capacity as Clerk of Court; and Dana Van Metre, in her official capacity as Clerk of Court. *See* Compl. at 1.

A supplemental document attached to Ms. Doe's Complaint provides no additional facts. *See generally* Supp., ECF No. 1-1. But it does sort her claims into three categories. *See id.* at 1–2. First, she alleges what she labels as constitutional and federal statutory claims, which include "[v]iolations of Due Process," "[v]iolations of Equal Protection," "[i]ntentional deprivation of access to the courts," "[o]struction of justice," and "[r]etaliatory misconduct against a pro se litigant." *Id.* Second, she alleges a few state law claims, including the intentional infliction of emotional distress, gross negligence, and "[a]buse of [p]rocess." *Id.* at 2. And third, she alleges "international personal injury claims" under the Foreign Sovereign Immunities Act (FSIA). *Id.*

Ms. Doe's request for relief asks the Court to "[a]ssert jurisdiction over this case"; "[h]old that [the] Defendants are not entitled to absolute, qualified, or judicial immunity"; "[a]llow [certain of the] Plaintiff's [non-FSIA] claims to proceed"; "[r]ecognize [the] Plaintiff's right to pursue [FSIA claims]"; and "[g]rant any additional relief this Court deems just and necessary." *Id.* at 5. Some of these requests might be described as declaratory relief. But Ms. Doe also seems interested in money damages and some form of injunctive relief. *See* Compl. at 2 (noting that *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) permits money damages, and citing *Ex parte Young*, 209 U.S. 123 (1908), suggesting an interest in injunctive relief).

## DISCUSSION

The Court lacks subject matter jurisdiction over all of the claims it can identify in Ms. Doe's Complaint. Any claims for money damages are barred by sovereign immunity. And the Court lacks the power to provide injunctive or declaratory relief that would act as a collateral attack on another court's proceedings. To the extent Ms. Doe is asking for other injunctive or declaratory relief, such claims are dismissed sua sponte for failure to state a claim upon which relief can be granted.

A.      **Subject Matter Jurisdiction**

"We begin with the 'first and fundamental question' of subject-matter jurisdiction." *Leopold v. Manger*, 102 F.4th 491, 494 (D.C. Cir. 2024) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Federal district courts, as courts of limited jurisdiction, have a *sua sponte* responsibility to ensure that they have jurisdiction to entertain a case." *Schindler Elevator Corp. v. Wash. Metro. Area Transit Auth.*, 514 F. Supp. 3d 197, 202 (D.D.C. 2020) (citations omitted). "And if it is determined that the court does not have subject-matter jurisdiction, it cannot afford plaintiffs any relief—injunctive or otherwise." *Id.* (citations omitted); *see also McGinn, Smith & Co., Inc. v. Fin. Indus. Reg. Auth.*, 786 F. Supp. 2d 139, 145 (D.D.C. 2011) ("Before [a court] can reach the merits of [a plaintiff's] request for a TRO, the [c]ourt must ensure that it has subject matter jurisdiction over [the] action."). "Accordingly, '[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.'" *Schindler Elevator Corp.*, 514 F. Supp. 3d at 202 (quoting Fed. R. Civ. P. 12(h)(3)).

"A federal court must presume that a cause of action lies outside its limited jurisdiction, with 'the burden of establishing the contrary' resting upon the plaintiff." *Id.* (quoting *Kokkoken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Where, as here, the plaintiff is proceeding *pro se*, the court will hold her pleadings 'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Visconti v. Burghardt*, No. 23-cv-3145, 2024 WL 3091139, at *3 (D.D.C. June 22, 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "as with any other plaintiff, a *pro se* plaintiff must meet h[er] burden of establishing subject-matter jurisdiction." *Id.* (quoting *Patel v. Ambit Grp.*, No. 18-cv-2985, 2019 WL 4472124, at *2 (D.D.C. Sept. 17, 2019)).

4

### 1. Monetary Relief

Ms. Doe appears to request money damages, though the Complaint is far from clear. *See* Compl. at 2 (arguing that damages are available when federal officials violate constitutional rights). But the Court lacks jurisdiction over any claims for money damages as they are barred by sovereign immunity.

The Court lacks jurisdiction over any claims for money damages against the Administrative Office of the United States Courts and the Judicial Conference of the United States. "The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense." *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014) (citations omitted). "If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit." *Id.* (citations omitted). The doctrine of sovereign immunity protects not only "the Federal Government," but also "its agencies" from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This extends to the Administrative Office of the United States, *see McKathan v. U.S. Dep't of Homeland Sec.*, No. 22-cv-1865, 2024 WL 1344434, at *3 (D.D.C. Mar. 29, 2024), and to the Judicial Conference of the United States, *see McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Orders of the Jud. Conf. of the U.S.*, 264 F.3d 52, 62 (D.C. Cir. 2001) (treating the Judicial Conference as an agency). As far as waiver is concerned, the only statute cited in the Complaint is the Foreign Sovereign Immunities Act (FSIA). *See* Compl. at 3 (citing 28 U.S.C. § 1605(a)(5)). But the cited statutory language discusses only the sovereign immunity of foreign states—not the United States. *See* 28 U.S.C. § 1605(a)(5) ("A foreign state shall not be immune . . . in any case . . . caused by the tortious act . . . of any official or employee of that foreign state while acting within the scope of his office or employment, [with exceptions.]"). So the Court presumes that it lacks jurisdiction.

The Court also lacks jurisdiction over any claims against the individual Defendants for money damages since Ms. Doe sues them in their official capacities. *See, e.g.*, *Witchard v. Surampudi*, No. 24-cv-296, 2025 WL 928708, at *3 (D.D.C. Mar. 27, 2025); *Doggett v. Gonzales*, No. 06-cv-575, 2007 WL 2893405, at *6 (D.D.C. Sept. 29, 2007). This is because "[a] lawsuit against a government official in his official capacity is tantamount to a suit against 'an entity of which an officer is an agent.'" *Smith*, 44 F. Supp. 3d at 38 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). "[T]herefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity." *Id.* Any congressional waiver of this sovereign immunity "must be express." *Id.* (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "And a plaintiff bears the burden of establishing that sovereign immunity has been waived or abrogated." *Id.* (citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)). Ms. Doe cursorily makes several arguments about sovereign immunity in her Complaint. Even construed liberally, none win the day.

*First*, she claims that FSIA, specifically 28 U.S.C. § 1605(a)(5), "excludes immunity for personal injury caused by official misconduct[.]" Compl. at 3. But again, that statutory provision speaks only about foreign sovereign immunity. *See* 28 U.S.C. § 1605(a) ("A foreign state shall not be immune . . . .").

*Second*, she suggests that 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), provide a path to relief. *See* Supp. at 2 (saying these provide the Court with jurisdiction); *see also* Compl. at 2 (saying *Bivens* "allows for damages against federal officials who violate constitutional rights"). But "Section 1983 does not apply to federal officials acting under color of federal law." *Bundy v. Sessions*, 387 F. Supp. 3d 121, 127 (D.D.C. 2019) (quoting *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005)). And "[i]t is well established

6

that *Bivens* remedies do not exist against officials sued in their official capacities." *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (citation omitted).

*Third*, she claims that *Ex parte Young*, 209 U.S. 123 (1908), allows her to circumvent sovereign immunity. *See* Compl. at 2. "The *Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their official capacities—notwithstanding the sovereign immunity possessed by the government itself." *Mahoney v. U.S. Capitol Police Bd.*, No. 21-cv-2314, 2023 WL 2770430, at *6 (D.D.C. Apr. 4, 2023) (quoting *Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012)). "While *Ex parte Young* was indeed a case about state officials, the Supreme Court has recognized that doctrine's applicability to 'violations of federal law by federal officials,' too." *Id.* (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015)). But *Ex parte Young* does not allow officials to be sued in their official capacities for money damages. *See Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 21 (D.D.C. 2007).

*Fourth*, she cites *Forrester v. White*, 484 U.S. 219 (1988), for the proposition that "judges are not immune when performing administrative, non-judicial functions." Compl. at 2. But *Forrester* was a case about absolute judicial immunity, *see* 484 U.S. at 220–21, not sovereign immunity, and these two forms of immunity are distinct, *Smith*, 44 F. Supp. 3d at 40 n.10.

*Fifth*, she argues that sovereign immunity does not bar claims for intentional torts. *See* Compl. at 2–3. Ms. Doe cites no authority for this proposition, but the Court will liberally construe this to be an argument based in the Federal Tort Claims Act (FTCA). "The FTCA was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (cleaned up). But "[t]he FTCA expressly excludes from the sovereign immunity waiver cases arising under intentional torts . . . , unless such acts are committed by investigative or law enforcement officers." *Hudson v. United States*,

No. 23-cv-318, 2024 WL 2278382, at *2 (D.D.C. Mar. 31, 2024) (cleaned up) (citing 28 U.S.C. § 2680(h)). An "investigative or law enforcement officer" is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Nothing in the Complaint suggests that the individual Defendants have these powers, so the FTCA waiver of sovereign immunity does not apply.

*Sixth*, she says that "under international law, personal injury claims are not subject to sovereign immunity when arising from gross misconduct, abuse of power, or fundamental rights violations." Compl. at 3. But she cites no authority for this proposition, and similar arguments have been rejected in this District before. *See Smith*, 44 F. Supp. 3d at 39 (holding the International Covenant on Civil and Political Rights does not waive sovereign immunity); *id.* (holding that "a government does not waive sovereign immunity by committing violations of *jus cogens*" international law). She therefore fails to carry her burden.

*Seventh*, she argues that the "public interest requires that immunity be denied" because a grant of immunity would set a "dangerous precedent where judicial officials can harm litigants without consequences." Compl. at 3. She warns that this would "effectively endorse procedural abuse, denial of access to justice, and violations of fundamental human rights." *Id*. But this seems to be an argument against the concept of sovereign immunity itself, not its application to the facts at issue. And "mere disagreement with the law is not a basis for setting it aside or declaring it invalid." *Smith*, 44 F. Supp. 3d at 37–38 (rejecting that the Court is "obliged to declare the Bill of Rights void for want of enforcement if it determines that sovereign immunity is in fact a bar to [a] suit" and that "a citizen has no rights if he cannot enforce those rights against a federal judge").

### 2. Injunctive or Declaratory Relief

Ms. Doe's Complaint does not request injunctive or declaratory relief by name. But she does cite *Ex parte Young* for the proposition that "officials cannot claim immunity when their actions violate constitutional rights," Compl. at 2, suggesting an interest in injunctive relief, although this stretches the bounds of plausible construction. And she also asks the Court to "[h]old that [the] Defendants are not entitled to absolute, qualified, or judicial immunity" and to "[r]ecognize [her] right to pursue international personal injury claims under FSIA," *id.* at 4, which look like requests for declaratory relief.

The Court nevertheless lacks the power to afford such injunctive or declaratory relief. It appears from some of Ms. Doe's more recent motions that she is upset about court proceedings in the United States District Court for the Eastern District of Virginia. *See* Mot. Prelim. Inj at 2, ECF No. 5 (referring to past "denial of emergency relief"); Mot. Inj. at 2–3, ECF No. 6 (referring to "legal filings," "public docketing," and the "Eastern District of Virginia"). Injunctive and declaratory relief are unavailable because "[i]t is . . . well established that federal district courts do not have jurisdiction to reconsider decisions of other federal courts." *Klayman v. Rao*, No. 21-cv-2473, 2021 WL 4948025, at *4 (D.D.C. Oct. 25, 2021) (quoting *Yi Tai Shao v. Roberts*, No. 18-cv-1233, 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019)). So to the extent Ms. Doe seeks such relief, she "has failed to demonstrate a redressable injury for the purpose of Article III standing because this Court lacks the power to grant the relief that [s]he seeks." *Id.* at *5.

As to injunctive relief, "[t]his Court cannot compel . . . other Article III judges in this or other districts or circuits to act." *Id.* (quoting *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011)) (citations omitted). It "does not have jurisdiction to . . . take disciplinary action against other judges." *Visconti*, 2024 WL 3091139, at *3 (quoting *Klayman v. Kollar-Kotelly*,

9

No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013)). Nor may it "compel[] . . . [j]udges to adjudicate [a plaintiff's] filings and the [c]lerks to file and docket his petitions and other filings." *Patterson v. Harris*, No. 19-cv-897, 2019 WL 4988071, at *4 (D.D.C. Oct. 8, 2019). "[I]t cannot mandate . . . a clerk in a different federal district [to] act, as it lacks the supervisory authority of another court's personnel." *Id.* (citation omitted). "Put another way, this Court has no subject-matter jurisdiction to force these Defendants to perform roles related to their official duties." *Id.* (citing *Sanders v. United States*, 184 F. App'x 13, 14 (D.C. Cir. 2006); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007)). So the Court cannot compel the individual Defendants to take certain actions related to their court proceedings.

And Ms. Doe's "request for a declaratory judgment fares no better." *Klayman*, 2021 WL 4948025, at *5. This is because "[d]eclaratory relief against a judge for final actions taken within his or her judicial capacity is . . . available by way of a direct appeal of the judge's order," *id.* (quoting *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013)), so "parties cannot seek 'a declaratory judgment challenging a ruling in a separate action,'" *id.* (quoting *Sibley*, 224 F. Supp. 3d at 38). "Such suits are improper collateral attacks." *Id.* (cleaned up). So the Court may not provide declaratory relief that runs against what appears to be other court proceedings either.

### B.   Failure to State a Claim

To the extent Ms. Doe seeks any declaratory or injunctive relief over which the Court has subject matter jurisdiction, the Court dismisses those claims for failure to state a claim upon which relief may be granted.

"A district court may . . . *sua sponte* dismiss a complaint under Rule 12(b)(6) where 'it is patently obvious' that the plaintiff cannot 'prevail[] on the facts alleged in h[er] complaint.'" *Visconti v. Burghardt*, No. 23-cv-3145, 2024 WL 3509419, at *2 (D.D.C. July 23, 2024)

(quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990)) (citing *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011)). "The Court 'does not have to accept asserted inferences or conclusory allegations that are unsupported by facts set forth in [the] plaintiff's complaint.'" *Klayman*, 2021 WL 4948025, at *7 (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 235 (D.D.C. 2007)). Allegations "need only be accepted to the extent that 'they plausibly give rise to an entitlement to relief.'" *Baker v. Gurfein*, 744 F. Supp. 2d 311, 315 (D.D.C. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Ms. Doe provides almost no factual allegations to support her claims. In her four-page Complaint, she asserts that the "Defendants deliberately and knowingly inflicted harm upon [her], violating her constitutional rights, obstructing her access to the courts, and causing severe emotional and psychological distress through intentional misconduct." Compl. at 2. And she largely backs this up with conclusory allegations. *See, e.g.*, *id.* (stating the Defendants "[o]bstruct[ed] [her] access to the judicial system, leading to irreparable harm"); *id.* (stating the Defendants "[r]etaliat[ed] against [her] through procedural misconduct and clerk abuse"); *id.* (stating the Defendants "[e]ngag[ed] in conduct that constitutes gross negligence, intentional infliction of emotional distress, and violations of international human rights protections").

The rest of her Complaint is more of the same. *See, e.g.*, *id.* at 3 (claiming without support that the "Defendants' deliberate humiliation, exposure of private medical records, and procedural retaliation were designed to harm [the] Plaintiff"); *id.* ("Defendants acted with reckless disregard for [the] Plaintiff's rights, failing to follow basic judicial procedures."); *id.* ("Defendants denied [the] Plaintiff access to a fair tribunal, violating fundamental due process protections."); *id.* ("Clerk Judith Lanham and Dana Van Metre engaged in intentional misconduct, humiliating [the] Plaintiff and worsening her mental distress."); *id.* ("Defendants obstructed [her] legal filings,

11

preventing her from accessing justice."). The closest she comes is when she alleges that the Defendants publicly exposed her "sensitive trauma and medical history." *Id.* at 2; *see also id.* at 3 ("Defendants knowingly exposed [the] Plaintiff's trauma history, violating her privacy rights."). But she never clarifies who took what actions, how the information was released, what the information includes, or where the information was exposed. And the document she attached to her Complaint provides no additional facts. Ms. Doe's claims are therefore "so attenuated and unsubstantial as to be absolutely devoid of merit." *Klayman*, 2021 WL 4948025, at *7 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)). Thus, it is "patently obvious" that she has failed to state a claim upon which relief can be granted, *id.* (quoting *Baker*, 916 F.2d 727), and the Court dismisses any claims over which it has subject matter jurisdiction under Rule 12(b)(6) sua sponte.

## CONCLUSION

For the foregoing reasons, the Court grants Ms. Doe's Motion for Leave to Proceed in forma pauperis, ECF No. 2, dismisses Ms. Doe's Complaint, ECF No. 1, and denies all of her pending motions as moot, ECF Nos. 5–8, 12–14.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 15, 2025